B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 17-02706-RLM-7 |
|---|---|
| **PLAINTIFFS**<br>Marla A. Shepard | **DEFENDANTS**<br>USA Funds, Great Lakes Higher Education Corp., Navient US Dept of Education Loan Servicing., Sallie Mae US Dept of Education. Loan Servicing, US Department of Education, (see attached list for addresses) |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>pro se; 5939 Lakeview Drive, Apt D. Indianapolis, IN 46224, (317) 771-8037 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to discharge student loan debt of $178,085.72 due to undue hardship;
11 U.S.C. § 523(a)(8)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
[1] 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED
U.S. BANKRUPTCY CT.
INDIANAPOLIS DIVISION
2017 APR 26 AM 10:09
SOUTHERN DISTRICT OF INDIANA
KEVIN P. DEMPSEY CLERK

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Marla A. Shepard | BANKRUPTCY CASE NO.<br>17-02706-RLM-7 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of Indiana | DIVISION OFFICE<br>Indianapolis | NAME OF JUDGE<br>Robyn L. Moberly |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>Marla A. Shepard | | |
| DATE<br>April 24, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Marla A. Shepard | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Defendants with phone numbers

Great Lakes Higher Education Corp.
P.O. Box 7860
Madison WI 53707-7860
800-236-4300

Naviant
US Dept of Education Loan Servicing
P.O. Box 9635
Wilkes-Barre, PA 18773
800-772-1300

Sallie Mae
US Dept of Education Loan Servicing
P.O. Box 9635
Wilkes-Barre, PA 18773
800-472-5543

US Dept. of Education
c/o U.S. Attorney's Office
10 West Market Street. Ste 2100
Indianapolis, IN 46204-3048
317-226-6333
Fax 317-226-6125

US Dept. of Education
Attn: Office of General Counsel
400 Maryland Ave. SW, Room 6E353
Washington, DC 20202
800-872-5327

USA Funds
9998 Crosspoint Blvd.,
Suite 400
Indianapolis, IN 46256
317-806-1200

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 17-02706-RLM-7 |
| | ) | |
| MARLA A. SHEPARD, | ) | ADV. PROC. NO. |
| Debtor/Plaintiff | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| USA FUNDS, GREAT LAKES HIGHER | ) | |
| EDUCATION CORPORATION, | ) | |
| NAVIENT, U.S. DEPARTMENT | ) | |
| OF EDUCATION LOAN SERVICING, | ) | |
| SALLIE MAE, U.S. DEPARTMENT | ) | |
| OF EDUCATION LOAN SERVICING, | ) | |
| U.S. DEPARTMENT OF EDUCATION, | ) | |
| Creditors/Defendants | ) | |

## COMPLAINT TO DISCHARGE STUDENT LOAN DEBT

Debtor/Plaintiff Marla A. Shepard (hereinafter, "Debtor"), files her Complaint to Discharge Student Loan Debt, and in support thereof states as follows:

1. The Debtor has filed this case under Chapter 7 of the Bankruptcy Code on April 14, 2017. This Court thus has jurisdiction over this action under 28 U.S.C. § 1344. This proceeding is a core proceeding.

2. One of the unsecured debts owing by the Debtor and listed in Schedule F are student loans owing to Creditors/Defendants USA Funds, Great Lakes Higher Education Corp., Navient U.S. Department of Education Loan Servicing, Sallie Mae U.S. Department of Education Loan Servicing, and U.S. Department of Education.

3. Debtor incurred the student loans while attending the Indiana University School of Law-Indianapolis from 1995 to 1999. Initially Debtor owed $77,852.68. After paying over $47,083 on the loans, she now owes $178,085.72, See, Affidavit of Marla A. Shepard, attached as Exhibit A and incorporated herein, §§ 2, 3, 17, 18, 20.

4. Student loans may be discharged if the debtor proves undue hardship, pursuant to 11 U.S.C. §523(a)(8). Under the *Brunner* test, the Seventh Circuit looks at the following three criteria to determine if repayment of student loans would cause an undue hardship, thereby justifying discharge of some or all student loan debt through bankruptcy as follows.

(A) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living if forced to repay the loans;

(B) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

(C) that the debtor has made good faith efforts to repay the loans. *Krieger v. Educational Credit Management Corp.*, 713 F.3d 882 (7th Cir. 2013), quoting *In re Roberson*, 999 F.2d, 1132, 1135 (7th Cir. 1993), quoting from *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395, 396 (2d Cir. 1987).

5. Debtor states that she has no current or anticipated available income or resources with which to pay the aforementioned loans and any payments on those loans could be made only at great hardship to Debtor, and that she has met all three criteria cited above for a discharge of her student loans See, Affidavit of Marla A. Shepard, attached as Exhibit A and incorporated herein, in general, and specifically §§ 8-9, 11-16, 17 and 18.

6. Debtor therefore asks that the student loan debt be declared dischargeable in this bankruptcy case.

Wherefore, Debtor Marla A. Shepard respectfully requests that this Court enter an Order declaring the student loan debt of the Debtor to be dischargeable in this bankruptcy case.

Respectfully submitted,

Marla A. Shepard

Marla A. Shepard, pro se

Marla A. Shepard
5939 Lakeview Drive, Apt. D
Indianapolis, IN 46224
(317) 771-8037 (cell)
shepard.marla@yahoo.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| IN RE:<br><br>MARLA A. SHEPARD,<br>Debtor/Plaintiff<br><br>V.<br><br>USA FUNDS, GREAT LAKES HIGHER<br>EDUCATION CORPORATION,<br>NAVIENT, U.S. DEPARTMENT<br>OF EDUCATION LOAN SERVICING,<br>SALLIE MAE, U.S. DEPARTMENT<br>OF EDUCATION LOAN SERVICING,<br>U.S. DEPARTMENT OF EDUCATION,<br>Creditors/Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 17-02706-RLM-7<br><br>ADV. PROC. NO. |

**<u>AFFIDAVIT OF MARLA A. SHEPARD</u>**

Comes now Debtor/Plaintiff Marla A. Shepard, and having been duly sworn upon her oath, states as follows:

1. I am over the age of eighteen (18) and I am competent to testify in a court of law. Furthermore, the information contained in this Affidavit is based upon my own personal knowledge.

2. I took out student loans from 1995 through 1999 to attend law school at night at Indiana University-Indianapolis. I quit my day job in January, 1999, so that I could take a few remaining day classes unavailable at night. After graduation in 1999, I studied for and passed the bar. By this time I was 53 years old. I supported myself with temporary legal secretary jobs while seeking a lawyer job. In September, 2000, I found a paralegal job at $30,000 which afforded me the opportunity to improve my legal skills working for a partner with the firm. In all I was unemployed for 12 months.

EXHIBIT "A"

3. In 1999, I owed $25,795.17 (subsidized Stafford) and $52,057.51 (unsubsidized Stafford) for a total of $77,852.68. I began making payments in November, 2000. However, after being unemployed/underemployed for so long, my financial position was precarious, so I requested and received a one-year forbearance of the loan in 2001. In order to have a forbearance, the two loans were consolidated, at a higher 7.625% interest. I began payments in 2002. In 2003-4, I received mailings about a lesser student loan interest rate of 3.4%. When I talked with the student loan administrators, I was advised that I was not eligible for this lesser rate because of the forbearance consolidation.

4. In December, 2005, the lawyer I was working for left the firm, and in May, 2006, at age 59½, I was terminated. While again searching unsuccessfully for a job as a lawyer, I realized my best and likely only option for employment was to start my own law firm.

5. In order to pay my living and medical expenses, including the student loans and starting the law firm, I re-financed my house to get the equity, used my PERF (Public Employee Retirement Fund) monies, 401(k) and IRA retirement monies, a small inheritance from my parents, and went into debt as well. My clients were mostly indigent people, so my work was primarily pro bono. I hoped that eventually they would refer others to me. In 2008, just when I thought things were turning around, as I had a couple of real estate developer clients who could pay my fee, the Great Recession hit, and it hit them harder than most, with them either filing bankruptcy, or planning to. From then on my law practice income was virtually non-existent.

6. In 2008 I again requested a forbearance, which was granted. I also requested forbearances in 2010 and 2011, which were also granted, but with decreasing time allowed.

7. In 2010 I applied for Social Security early retirement benefits of $1,107.90 monthly. I was already receiving a small pension from a former employer of $118.16 monthly.

8. All of my savings are gone. My home went into foreclosure and was sold in 2012 for half of its value. The bank seeks to obtain monies due to the shortfall from selling the house. My only asset is an 11-year-old car.

9. I am now 70 and single. I live alone and have no children. My parents are deceased and my only remaining sibling is 4 years older than me, and unable to help.

10. During my first year of law school, at age 50, I was diagnosed with cancer. I did not leave my job to take on any law-related job because I was ineligible for insurance. I did get insurance through my new employer in 2000, and after that job ended in 2006, continued insurance through COBRA until 2007. From then on until I was eligible for Medicare in 2011 at age 65, I had to pay for all medical expenses myself.

11. I am diabetic (diagnosed type 2 in 2003) with high cholesterol. My hearing is poor, especially in a courtroom, where I have had to ask clients to tell me what the judge said. I have not as yet had a diagnostic exam, as hearing aids are too expensive ($699 to $999 for each aid) under my insurance. I have had glaucoma since the 70's, and have been taking medication for it for approximately 25 years. In 2014 my vision suddenly became much worse, to the point that I now have difficulty reading or using a computer.

12. The expenses necessary to maintain my law license, while at the same time facing ever-increasing medical bills and loss of my sight, forced me to retire in 2014 and surrender my law license.

13. The current state of affairs is likely to persist during the repayment period for the student loan. In fact, circumstances can only get worse for me. My doctors have advised me that my eyesight will not improve, only worsen. The likelihood of any future employment is nil.

14. I would be unable to maintain even a minimal standard of living if I am forced to repay the loans, either by making the required monthly payment or any monthly payment required under an income driven repayment plan. I have no discretionary income, defined as 150% of the Federal Poverty Level. In 2017, this is $17,820 for a single person. My only income is my Social Security and a small pension which together total $17,533.92 annually. I have no other income, and so did not have to file a tax return for 2015 or 2016.

15. My Social Security is now $1,343, my Medicare and Medicare Advantage plans subtract $155.30; then the remaining $1,187.70 is garnished 15% or $178.16 for the student loans, for a final net of $1,009.54. Add to that amount my monthly pension of $118.16, and I have $1,127.70 available for rent, utilities, insurance, food, medical and car expenses.

16. I have cut back on every possible expense. I do not have internet or cable or even a smart phone. My cell phone costs me $1 a day for access to the network, so I have cut back on the number of days I use it, to 20 days a month. I do not have voicemail or accept text messages in order not to have to pay for data downloads. In July my rent will increase, so I will have to cut out my newspaper. I do not have any funds for emergencies. I do not have credit cards. I pay my rent and utilities first, then other expenses. At the end of each month, there is nothing left.

17. I have made a good faith effort to repay the student loans. Much of my loan paperwork from 2000 to 2009 is missing, but there were to be a total of 360 payments. According to a March, 2009, payment schedule from Sallie Mae, there were 287 payments left. Therefore, I made a total of 73 payments. I made one payment in 2000. I do not know the total amount, just that I paid $489.70 in interest that year. The payments after the initial forbearance in 2001 were

$587.19 each, with the last payment made in July, 2008, for 72 payments totaling $42,277.68. I calculate that I paid over $42,775 through 2008.

18. Beginning in February, 2015, my Social Security was garnished 15% for the student loans. I did not protest this, since I was aware that USA Funds had the legal authority to garnish any federal benefits I receive. I have paid an additional $4,308.03 via the garnishment through March 31, 2017, bringing the total paid to over $47,083,03.

19. In May, 2009, due to the capitalization of interest during forbearance, I owed $86,133,19, or $8,289.51 more than when I started payments in 2000, with little income and no assets remaining to make payments.

20. According to a February 14, 2017, letter from Allied Interstate, a collection agency representing USA Funds, I now owe $178,085.72, of which $123,947.72 is principal and $24,867.99 is interest. The difference of $29,270.01 is shown as "other". (It is my belief this is the 20% collection fee, even though they show the collection fee as $0.)

FURTHER AFFIANT SAITH NOT.

I affirm under the penalties of perjury that I have read the foregoing and the facts and representations contained therein are true.

April 24 2017
Date

Marla A. Shepard
Marla A. Shepard

STATE OF INDIANA )
) SS:
COUNTY OF HENDRICKS )

Marla A. Shepard, personally appeared before me, a Notary Public residing in Hendricks County, Indiana, and after being duly sworn, acknowledged the truth of the foregoing and stated that the representations contained in this affidavit are true, this 24 day of April, 2017.

My Commission Expires:
September 2, 2023

Diana F. Dever
Diana F. Dever

NOTARY SEAL
DIANA F. DEVER
Hendricks County
My Commission Expires
September 2, 2023